IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR.S-03-0042 FCD |
| Plaintiff, | |
| v. | <u>ORDER RE DEFENDANTS' MOTION</u><br><u>FOR A BILL OF PARTICULARS</u> |
| SHANGO JAJA GREER, et al., | |
| Defendants. | |
| _____/ | |

On October 12, 2005, this matter came before the undersigned for hearing on defendants' motion for a bill of particulars.[1] Attorney Peter Kmeto appeared on behalf of defendant Shango Greer; attorney Jonathan Paul for attorney Jesse Rivera appeared on behalf of defendant Charles White; and attorneys Robert Peters and Jan Karowsky appeared on behalf of defendant Jason Walker.  Assistant United States
/////

---

[1] A motion for a bill of particulars was originally filed by counsel for defendant Oscar Gonzalez, who has since entered a plea of guilty.  That motion was joined in and/or supplemented by each of the defendants remaining in this action.

1

Attorneys R. Steven Lapham, Kenneth Melikian and Philip Ferrari appeared on behalf of the government.

Upon review of the documents filed in support of and in opposition to the motion, as well as consideration of the oral arguments presented, for the reasons set forth below the court denies the defendants' motion.

## BACKGROUND

On January 29, 2003, the grand jury returned the indictment in this case.  In Count One defendants Greer and White are charged with conducting the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), with the pattern of racketeering activity alleged to have consisted of nine separate racketeering acts set forth in the indictment.  In Count Two defendants Greer, Walker and White are charged with conspiring to conduct the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  In Count Three defendant White is charged with engaging in violent crime (the murder of Devin Russell) in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) & (2).  Finally, in Count Four defendant Greer is charged with committing a violent crime (the murder of Larry Cayton) in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) & (2).

More specifically, the indictment alleges that these defendants, and their former co-defendants, were members and associates of the Pitch Dark Family, a criminal organization whose members and associates engaged in violence, including murder and

attempted murder, and in the distribution of narcotics.  The indictment alleges that the Pitch Dark Family operated principally on the west side of Vallejo.  The indictment also identifies defendants Greer and Walker as the leaders and the "backbone" of the criminal enterprise.  It is alleged that Greer and Walker participated in the management and operation of the enterprise, directing the other members and associates in carrying out unlawful activities in furtherance of the operation of the enterprise.

Discovery in this case has been extensive.  This court issued discovery orders on November 24, 2004 and May 16, 2005.  As of October 18, 2004, the government represented that it had produced for the defendants' review over 12,000 pages of discovery including police reports, FBI 302's, photographs, transcripts of state court proceedings and the grand jury transcripts along with a multitude of video and audio tape recordings.  Discovery has been ongoing and additional discovery has been provided since those representations were made.  The court's discovery orders addressed the disclosure of experts and Fed. R. Evid. 404(b) materials and there appears to have been compliance with those orders well prior to the commencement of trial.  Finally, at the hearing on this motion, counsel for the government represented in response to the court's inquiry that discovery has been provided to the defense with respect to every racketeering act or unlawful act in furtherance of the alleged racketeering conspiracy which the government intends to prove at trial.

/////

## THE MOTION FOR A BILL OF PARTICULARS

Through this motion defendants seek a bill of particulars addressing seventeen separately identified matters including the definition of "a member or associate" of the Pitch Dark Family, identification of when each defendant became a member or associate of the Pitch Dark Family and how that occurred and the specific territory allegedly controlled by the Pitch Dark Family.  In addition, with respect to the racketeering activity and the racketeering conspiracy alleged in the indictment, defendants seek particulars with respect to specific acts (whether charged or uncharged) including the times, dates and places of any such acts, uncharged co-conspirators, identification of witnesses and identification of each defendant's specific role in each act the government intends to prove at trial. Defendants argue that the requested bill of particulars is necessary to enable them to prepare their defense, to avoid prejudicial surprise at trial and to allow them to plead their acquittal or conviction in this case as a bar to any future prosecution if appropriate.

The government opposes the motion, arguing that the information sought by the defendants has been provided to them in sufficient detail by the indictment itself and in the extensive discovery turned over to the defense to date.  The government notes that such discovery far exceeds that required by Rule 16 and includes full disclosure grand jury testimony.  In this way, the government contends, the defendants have been informed of the nature of the charges with sufficient precision.  In its opposition the government
/////

has further explained how the indictment and the discovery provided to the defense sets out the information sought by the defense inquiries.

The court agrees that the indictment and the discovery provided to date as represented by the government obviates the need for a bill of particulars.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states, in part, that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(f) provides that the "court may direct the filing of a bill of particulars." The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him or her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to protect against double jeopardy should the defendant be prosecuted a second time for the same offense. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

Federal trial courts have broad discretion in determining whether or not to grant a motion for bill of particulars. See Will v. United States, 389 U.S. 90, 98 (1967); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); see also United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal). In exercising its discretion the court should consider the totality of the information available to the defendants through the indictment, affirmations and pretrial discovery and determine whether,

in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. United States v. Reddy, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002); United States v. Santiago, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).

In striking a proper balance between the legitimate interest of the government and those of the defendants the court must keep in mind that a bill of particulars is not a discovery tool or a device to allow the defense to preview the government's evidence. United States v. Fletcher, 74 F.3d 49, 52 (4th Cir. 1996); United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); see also Santiago, 174 F. Supp. 2d at 34. Nor is it to be used to discover the witnesses the government intends to call at trial. United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985). Rather, "[a] defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." Govt. Opp'n at 8-9 (quoting Giese, 597 F.2d at 1181); see also United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); United States v. Middleton, 35 F. Supp. 2d 1189, 1192 (N.D. Cal. 1999) ("the goal of a bill of particulars is satisfied if the defendant is aware of the 'theory of the government's case'").

It has also been recognized, however, that the government cannot rely on "mountains of documents" provided in discovery if the defense is still left unguided as to the nature of the charges and that large volumes of discovery sometimes necessitates a bill of particulars. Reddy, 190 F. Supp. 2d at 566 (quoting United States v.

6

1  Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987)).  This is particularly
2  true in cases charging criminal offenses under broad statutes such as
3  RICO, as is the case here.  United States v. Davidoff, 845 F.2d 1151,
4  1154 (2d Cir. 1988); Bortnovsky, 820 F.2d at 575.  Nonetheless,
5  because it confines the government's case to the particulars
6  furnished, a bill of particulars should not be granted that would
7  unduly restrict the government's ability to present its case.  United
8  States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (citing
9  United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)).
10 Finally, "[t]he decisive inquiry in deciding such a motion is whether
11 the indictment adequately advises 'the defendant of the specific acts
12 of which he is accused.'"  Santiago, 174 F. Supp. 2d at 34 (quoting
13 United States v Torres, 901 F.2d 205, 234 (2d Cir. 1990)).  See also
14 Davidoff, 845 F.2d at 1154-55.
15         Applying these standards, below the court will address the
16 defendants' specific requests.
17     Requests 1A-D: Pitch Dark Family Particulars
18         The defendants seek a bill of particulars defining the terms
19 "member" and "associate" with respect to the Pitch Dark Family as well
20 as whether they are allegedly members or associates of the Pitch Dark
21 Family and, if so, when and how they became a member or associate.
22         The indictment alleges that all of the named defendants were
23 "members and associates of the Pitch Dark Family (PDF), a criminal
24 organization whose members and associates engaged in acts of violence,
25 including murder, attempted murder, and narcotics distribution . . .
26 ."  (Indictment at 2.)  The terms "members and associates" are not so

7

vague as to require further definition in order for the defendants to be adequately advised of the nature of the charges against them. Moreover, the indictment alleges that the defendants beginning at a time "no later than on or about January 1, 1994 through on or about July 30, 2000," engaged in the conduct of the affairs of the Pitch Dark Family through a series of specifically alleged racketeering acts. (Indictment at 2-8.) Along with the extensive discovery provided to the defense outlining the criminal activities of the Pitch Dark Family and of these defendants specifically, no more particularity is required. See DiCesare, 765 F.2d at 897 (government need not identify the date on which a conspiracy began by way of a bill of particulars); United States v. Shabazz, 995 F. Supp. 1109, 1115 (D. Or. 1998).

Requests 1E and H: Other Members of the Criminal Enterprise or Unnamed Co-conspirators

This is essentially a request for identification of unindicted co-conspirators. Under the circumstances presented in this case as set forth above, a bill of particulars listing un-indicted co-conspirators is not warranted. See United States v. DiCesare, 765 F.2d at 897 (request for names of unindicted co-conspirators did not warrant a bill of particulars); United States v. Shabazz, 995 F. Supp. at 1115.

Requests 1F, 1H and 2F: Other Racketeering or Other Acts

At the hearing on the motion counsel for the government represented that through discovery and/or Fed. R. Evid. 404(b) materials already provided, the defendants have received discovery

8

material with respect to each unlawful act that the government will attempt to prove at trial.  Given this representation and in light of the clarity of the indictment as well as the broad and extensive discovery provided to the defense, no further particularity is required.  The information provided to the defendants apprises them of the charges with sufficient precision to enable them to prepare their defense and avoid unfair surprise at trial.

Request 1G: The Pitch Dark Family Turf

The defendants have long argued that the government should be required to state with particularity where the Pitch Dark Family operated and what specific turf the PDF protected through intimidation, violence, assaults and murder.  The government continues to argue that in grand jury testimony long-ago provided to the defense, various witnesses have identified the turf of the Pitch Dark Family on the West Side of Vallejo.  Thus, the defendants have grand jury testimony in which witnesses have testified in varying degrees of specificity as to the "heart" of the PDF turf, areas controlled by PDF, and specific intersections where PDF sold drugs or where their graffiti appeared.  The government suggests that no more detailed identification of the PDF's territory is feasible.

The court agrees.  Through discovery the defendants have been provided sufficient specificity in this regard.

Requests 2A-E: Particulars of the Charged Raketeering Conspiracy

Here, the defendants seek the time, date, places and acts through which they joined the racketeering conspiracy and completed their participation therein, the acts they performed and the witnesses

9

present and whether they participated in the conspiracy while incarcerated.

Again, much of this information has been provided to the defense within the voluminous discovery produced by the government. Moreover, these requests seek information more akin to evidentiary details not properly the subject of a bill of particulars. See United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001); United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (motions for "whens," "wheres," and "with whoms" regarding a conspiracy are routinely denied).

Request 3A and B: Roles and Identities of Those Participating In Violent Crimes in Aid of Racketeering Charged in Counts Three and Four

In Count Three defendant White is charged with the murder of Devin Russell, along with four other named defendants, as a violent crime in aid of racketeering activity. In Count Four defendant Greer is charged with the murder of Larry Cayton, as a violent crime in aid of racketeering activity. The defendants seek a bill of particulars informing them of their specific role in the murder in question and identifying other persons involved in those murders.

The government opposes the motion on the ground that the discovery provided to the defense to date obviates any need for a bill of particulars. In this regard, the government notes that the discovery already produced reveals that according to witnesses, Charles White shot Devin Russell with a shotgun handed to him by Oscar Gonzales. With respect to Cayton, the government has outlined the specific information provided in discovery regarding defendant Greer's

1  role in that murder. That discovery has included tape recorded
2  statements, witness testimony, police and autopsy reports, the
3  investigating officer's notes and information regarding Greer's motive
4  for the killing. Once again, the complete discovery provided to the
5  defense in this case obviates the need for a bill of particulars. See
6  <u>Giese</u>, 597 F.2d at 1180.

## CONCLUSION

For the reasons set forth above, the defendants' motion for a bill of particulars is denied.

IT IS SO ORDERED.

DATED: October 17, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
greer.billofpartorder

11